**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CYNTHIA A. REID | ) | CASE NO. 02-34592 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BAXTER SCHILLING, TRUSTEE | ) | AP NO.: 05-3181 |
| | ) | |
| Plaintiff(s) | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA A. REID | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter came before the Court for trial on April 27, 2006 on the Complaint to Revoke Discharge and to Recover Property of the Estate of Plaintiff Trustee J. Baxter Schilling ("Trustee") against Defendant/Debtor Cynthia A. Reid ("Debtor"). The Court considered the evidence and testimony submitted at trial and the post-trial briefs of the parties. For the following reasons, the Court finds in favor of the Debtor. The following constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**FINDINGS OF FACT**

Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on April 9, 2002. Debtor has an 11th grade education. Debtor indicated in the Petition that she owned a residence at 1320 Terrill School Road and 26 acres of real estate in Green County, Kentucky. She valued the property at $88,000 with a $94,106 mortgage.

In November of 2002, Debtor's attorney wrote a letter to the Trustee telling him that he had received an inquiry on the sale of the Debtor's property and that the Debtor had signed a right of first refusal post-petition for the sale of 4-16 acres. Debtor's counsel stated in the letter that he cautioned Debtor and the lawyer representing the potential buyer that Debtor had no right to sell the property at that time.

On November 7, 2002, Trustee moved to extend the deadline to file a non-dischargeability action against the Debtor. On December 5, 2002, an Order was entered giving the Trustee until January 17, 2003 to file a non-dischargeability complaint. The Trustee did not file an action against the Debtor.

On January 22, 2003, an Order granting the Debtor her discharge was entered. Upon receipt of this letter, Debtor contacted her lawyer and requested an explanation as to the meaning of this document. Debtor's lawyer told her that it meant the case was over.

On August 29, 2003, Debtor sold the residence located at 1320 Terrill School Road, Mt. Sherman, Kentucky and 10 acres to Kevin and Tammy Snyder for $160,000. At the closing, Debtor received net proceeds of $51,029.10.

The Trustee testified that he received a telephone call from a gentleman named Bob Eberley who had signed a right of first refusal with the Debtor on the Terrill School Road property post-petition. Mr. Eberley indicated that Debtor had sold the real estate. On September 11, 2003, the Trustee sent a letter to the Snyders indicating that he was aware they had purchased real estate from the Debtor, that he could avoid the transfer to the Snyders and that they should contact him immediately. The Trustee received no response to this letter.

On or about February 22, 2005, Debtor sold the remaining 16 acres to Kevin and Tammy Snyder for $15,000.

On October 6, 2005, Trustee conducted a Rule 2004 examination of the Debtor regarding the sale of the Terrill School Road property and the sale of the remaining 16 acres from which Debtor received net proceeds of $15,000.

On November 1, 2005, Trustee filed his Complaint to Revoke Debtor's Discharge and to Recover Property of the Estate. Trustee contends Debtor knowingly and fraudulently failed to report acquisition of $66,029.10 from the sale of estate property. The Trustee seeks revocation of Debtor's discharge pursuant to 11 U.S.C. §727(d)(2) and judgment against Debtor in the amount of $66,029.10 with interest at 8% until the judgment is paid.

## CONCLUSIONS OF LAW

Trustee contends that Debtor's discharge should be revoked pursuant to 11 U.S.C. §727(d)(2) because she sold real estate post-discharge and retained the proceeds for her own use rather than submitting them to the Trustee. Debtor contends that she was unaware that the property was still property of the estate and that the Trustee's action is barred by the doctrine of laches.

The time line of events in this case is critical to the Court's analysis. The Debtor's Petition was filed on August 9, 2002 and she received her discharge on January 22, 2003. Prior to the discharge, the Trustee had moved to extend the deadline for filing a nondischargeability action against the Debtor, an extension was granted, but Trustee failed to file an action against the Debtor. Prior to Debtor's discharge, on November 12, 2002, the Debtor's attorney wrote a letter to the Trustee and told him the Debtor had executed a right of first refusal on the property and that he had informed the Debtor that at that time she had no right to sell the property. Debtor received her

discharge after this letter to the Trustee. When she inquired as to the meaning of the Order of Discharge, her attorney explained to her that this meant that the bankruptcy case was over and that his office was closing its file on the matter. Debtor sold the residence and 10 acres on August 29, 2003. The Trustee first learned of this sale through a telephone call and made an inquiry of the purported purchasers in September of 2003, but received no response. The Trustee took no further action until he conducted a Rule 2004 examination of the Debtor on October 6, 2005.

The Debtor testified several times at trial that she had no idea after receiving the Order of Discharge that she could not sell the real estate. She believed the proceeds from the sale of the realty were hers to use as she desired.

The Trustee seeks to revoke the Debtor's discharge pursuant to 11 U.S.C. §727(d)(2) because Debtor failed to notify the Trustee of the sale of the real property or to turnover the proceeds from the sales. The statute on revocation provides, in pertinent part:

> On request of the trustee, . . . and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if – –
>
> . . . . .
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

The Trustee bears the burden of proof by a preponderance of the evidence. "Revocation of the Debtor's discharge is an extraordinary remedy, §727(d) is liberally construed against the party seeking the revocation." In re Heil, 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003). In light of these

principles, the Court concludes the Trustee did not meet his burden of proof and the Debtor is entitled to her discharge.

The Trustee had to establish, by the preponderance of the evidence, that (1) the Debtor acquired or became entitled to property of the estate; and (2) the Debtor knowingly and fraudulently failed to report or deliver this property to the Trustee. In re Riveria, 338 B.R. 318, 324 (Bankr. N.D. Ohio 2006); citing In re Walter, 265 B.R. 753, 760-61 (Bankr. N.D. Ohio 2001).

There is no dispute that Debtor received estate property when she received the proceeds from the sale of the home and 26 acres. Thus, the Court must determine if Debtor's action were done knowingly and fraudulently. There must be evidence of the debtor's awareness of the omitted asset and that the debtor knew or acted so recklessly in not reporting the asset that fraud is implied. Fraudulent intent may be inferred from the surrounding circumstances and the debtor's course of conduct. The Court must consider the totality of circumstances. Riveria, 338 B.R. at 325.

When considering the course of events in this case, the Court concludes the Trustee failed to prove that the Debtor's actions with respect to the sale of the property were knowing and fraudulent. The Debtor had good reason to believe that her case was over and that she could freely transfer the real estate. The Trustee had let the deadline to file a nondischargeability action expire. The Debtor's lawyer told her that the Order of Discharge meant that the case was over and that his office was closing his file. There was no evidence in the record that Debtor sought to hide the sale or that she had received any information after the Order of Discharge that would have led her to believe that she could not sell the property and retain the proceeds.

The Court also finds that the Trustee's attempts to revoke the Debtor's discharge are barred by the equitable doctrine of laches. In the case of In re Herron, 49 B.R. 32 (Bankr. W.D. Ky. 1985),

-5-

Judge Brown stated that laches is a defense to prevent revocation under the proper circumstances. This case presents such circumstances.

The Trustee was well aware that the Debtor owned a residence and 26 acres as it was disclosed on her Petition. The Trustee had some indication of a possible sale of the realty after receiving a telephone call from Mr. Eberley in September of 2003. Following up on this tip, the Trustee sent a demand letter to the purported purchasers in September of 2003. Although he received no response to this letter, Trustee did not further investigate this claim until he took the Debtor's Rule 2004 examination in October of 2005. Additionally, a review of the bankruptcy case herein shows that no action was taken by the Trustee from the time the Debtor's discharge was entered on January 22, 2003 until a notice of assets was filed in March of 2005 and the 2004 examination. Clearly, the Trustee failed to diligently investigate the facts surrounding the sale of the property until nearly two years after receiving information on the sale. Bankruptcy cases cannot remain open forever and debtors and creditors are entitled to timely administration of estates and finality to the process.

Accordingly, the Court determines that the Trustee failed to prove the Debtor's actions were knowing and fraudulent with respect to the sale of the house and 26 acres. Furthermore, the doctrine of laches bars the Trustee's attempts to revoke the Debtor's discharge due to his failure to timely investigate the circumstances surrounding the sale of Debtor's property.

## **CONCLUSION**

For all of the above reasons, Judgment is entered in favor of the Debtor on the Trustee's Complaint to Revoke Discharge and to Recover Property of the Estate.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CYNTHIA A. REID | ) | CASE NO. 02-34592 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BAXTER SCHILLING, TRUSTEE | ) | AP NO.: 05-3181 |
| | ) | |
| Plaintiff(s) | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA A. REID | ) | |
| | ) | |
| Defendant(s) | ) | |

## **JUDGMENT**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of Debtor Cynthia A. Reid on the Complaint of Trustee J. Baxter Schilling to Revoke Discharge and to Recover Property of the Estate.

This is a final and appealable Order and there is no just reason for delay.